131 P.2d 981

**GRAY v. ESSLINGER.**

No. 4703.

Supreme Court of New Mexico.

Dec. 31, 1942.

Newell & Scoggin, of Las Cruces, for appellant.

Whatley & Garland, of Las Cruces, for appellee.

SADLER, Justice.

The first motion for rehearing heretofore filed by appellee having been denied, his counsel asked and have been granted leave to file the second motion for rehearing. They complain as follows: "That this Court has wholly failed to pass upon and decide a question fairly raised in and by the appellee's answer brief herein, and again, and in more detail, urged in and by the appellee's Motion for Rehearing, and which is decisive of the case, namely, that if the defendant were guilty of wilful and wanton misconduct in the operation of his automobile at the time of the collision of defendant's automobile with the decedent, then the conduct of the decedent, as established by the plaintiff's own evidence, of necessity constituted wilful and wanton misconduct on his part which contributed to bring about the collision and the resulting injuries to the decedent and which must, according to all respectable authority extant, have barred his recovery; and,

if this Court will not clarify its decision in this case, the plea of contributory negligence or of contributory wilful and wanton misconduct or of contributory gross negligence as a defense to a plea of negligence or wilful and wanton misconduct or gross negligence is effectively removed from the practice in New Mexico, and no trial court can ever direct a verdict, regardless of what the testimony may be respecting the plaintiff's guilt of gross negligence or wilful and wanton misconduct."

The reason we declined to notice this question, little more than mentioned in argument in appellee's brief on original hearing, is that it presents for review no ruling by the trial court. The case never reached the stage of an application of the doctrine in question in its relation to plaintiff because the trial court denied its application in the first instance to defendant. It may have been a part of defendant's strategy at the trial to decline to invoke in his own favor against plaintiff a doctrine which below and here he has denounced so thoroughly as unsound and inapplicable to himself. Be that as it may, the record does not indicate and, contrarily, by its silence on the subject affirms, that the trial court never went so far as to rule whether, if negligence of an aggravating character denies a defendant benefit of the plea of contributory negligence on plaintiff's part, like misconduct on the latter's part contributing proximately to cause the injury of which he complains, would deny recovery. We are ig-

norant of what the action of the trial court would have been in such circumstances because the defendant did not press the matter to the point of a decision on it below.

Nevertheless, defendant's counsel now urging the matter vigorously before us and counsel for the plaintiff indicating their view that a decision of the question will aid in retrial of the case and, possibly, avoid occasion for a second appeal, we shall express our, views upon the subject.

We entertain no doubt that if the conduct of a plaintiff, contributing proximately and concurrently with that of defendant to cause the former's injury, is of an aggravating character, i. e., in reckless disregard of his own personal safety, it will operate to deny recovery in spite of the fact that like misconduct on defendant's part in the first instance, but for the aggravating character of plaintiff's own negligence, would have denied defendant benefit of the defense of contributory negligence. 2 Restatement of the Law of Torts, § 503, p. 1299; 45 C.J. 983, § 534, under topic "Negligence"; case note in 41 A.L.R. 1379.

The statement on the subject from Restatement of the Law of Torts, supra, follows: "(2) An actor whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the actor's safety is a contributing cause of the actor's bodily harm."

Whether the conduct of either a defendant or a plaintiff be of a character to invoke the doctrine in question ordinarily is a matter for determination by the jury under proper instructions. Since, at the time of preparing their answer and to the end of the trial below, counsel for defendant challenged the existence for this jurisdiction of the doctrine later upheld by us, it seems unlikely they framed their allegations in the light thereof. Without suggesting an opinion on the sufficiency of the allegations of the answer to invoke the doctrine against the plaintiff, as such allegations stand, the defendant may be permitted to amend in this connection if he shall be so advised and shall deem the facts warrant.

A new result of this appeal is not indicated by what has been said. Hence, except to pass upon the additional question presented, the second motion for rehearing will be denied.

It is so ordered.

BRICE, C. J., and MABRY and BICKLEY, JJ., concur.

ZINN, J., being absent, did not participate.