239 P.2d 719

**ROSE et al. v. GRISOLANO.**

**No. 5398.**

Supreme Court of New Mexico.

Jan. 5, 1952.

Joseph L. Smith, Lorenzo A. Chavez, Albuquerque, for appellants.

C. Vance Mauney, Albuquerque, Paul B. Palmer, James L. Brown, Farmington, for appellee.

SADLER, Justice.

The appellants, who were plaintiffs below, appeal from a judgment entered by the district court of Bernalillo County in favor of appellee (defendant) Grisolano as cross-complainant against appellant Rose, as cross-defendant in the sum of $400. The recovery was for damages growing out of an automobile collision between cars owned by the plaintiff, Rose, and driven by him, with his coplaintiff, Murry, as a guest passenger and that of Grisolano, which was driven by an agent of his with whom he rode as a passenger at the time.

Since counsel for appellees (plaintiffs) adopt appellants' statement of the case as set out on pages 1 to 3 of their brief in chief and as much of page 4 as sets out a colloquy between the Court and the jury upon the return of their verdict into court save the last paragraph which we shall add in order to make the colloquy complete, we shall employ appellants' recital substantially as our own statement of the case, supplementing it when necessary for completeness.

On the 19th day of July, 1950, plaintiffs C. E. Rose and O. L. Murry filed their complaint for damages, arising out of an automobile accident which occurred on the 5th day of June, 1950. Suit was instituted in the district court of the County of Bernalillo, State of New Mexico, the same being docketed as Civil Action No. 44922.

Appellant C. E. Rose prayed for One Thousand Five Hundred Dollars ($1,500) damages for personal injuries, all alleged to have been proximately caused by a collision with an automobile owned by defendant John B. Grisolano. It was alleged that Murry was a guest in the automobile driven by the plaintiff Rose, and that the defendant Grisolano's automobile, in which he was a passenger, was being driven by Arlene Ames. Thereafter, defendant, on

the 8th day of December, 1950, through his attorneys, Waldo H. Rogers and Vance Mauney, of Albuquerque, and Paul B. Palmer and James L. Brown, of Farmington, New Mexico, filed his answer denying plaintiff's allegations except as to the date and occurrence of the collision; setting up his first, second and third defenses, to-wit: failure to state a cause of action, contributory negligence of plaintiff C. E. Rose, and imputed contributory negligence as against plaintiff O. L. Murry. Further, defendant counterclaimed against both plaintiffs, asking for Eight Hundred Dollars ($800) in damages.

On the 20th day of September, 1950, plaintiffs and counter-defendants Rose and Murry, filed an answer of general denial to defendant and counter-claimant Grisolano's counter-claim. On September 20, 1950, defendant Grisolano filed a notice of waiver of jury trial, and thereafter, on the 26th day of September, 1950, plaintiffs filed their demand for jury trial. On the 2nd day of November, 1950, defendant filed his supplemental answer entitled Fourth Affirmative Defense, alleging contributory negligence on the part of plaintiff O. L. Murry. The issues were tried to a jury commencing on the 2nd day of November, 1950, and after the Court instructed the jury, five (5) blank forms of special verdicts were submitted to the jury on the 3rd day of November, 1950.

After the reading of the verdict by the foreman and before discharging the jury, appellants' counsel approached the bench and pointed out the defects of the verdict to the Court, whereupon the Court inquired of the foreman as to the grounds and principle on which the verdict was based. The Court's questions and the answers given by the foreman of the jury are set out in full as follows:

"The Court: Mr. Sherer, you were foreman of the jury? Mr. Sherer: Yes, sir.

"The Court: There seems to be some confusion. I wish to ascertain if the jury intended to hold in favor of the defendant in this case against both plaintiffs. Mr. Sherer: We felt that both were partially to blame.

"The Court: Your verdict was in favor of the defendant, Mr. John B. Grisolano, against the plaintiff, C. E. Rose, and assessed the damages in the amount of Four Hundred ($400.00) Dollars. Did you intend to find against both plaintiffs and in favor of the defendant? Mr. Sherer: That is right.

"The Court: In order to clear up the matter, I will hand you a verdict to that effect. Mr. Sherer: We figured according to the evidence that there should be no penalty, it didn't show any cause or any-

thing against the defendants, which we claimed were partially to blame.

"The Court: Did you intend to hold against both plaintiffs in this case? Mr. Sherer: No, I beg your pardon?

"The Court: Did you intend to find that both of the plaintiffs be denied from recovering anything, both of the plaintiffs? Mr. Sherer: Well, we figured if we found entirely against defendant that it would show that he was not to blame. We figured that Four Hundred ($400.00) Dollars was a fair figure of their percentage of blame."

(Off the record discussion among Court and Counsel at the bar).

"The Court: I will ask you in this case whether you found both the plaintiffs and the defendant were guilty of negligence? Mr. Sherer: We thought they were both guilty.

"The Court: You thought both plaintiffs and defendant were guilty of negligence? Mr. Sherer: Yes, sir. Your Honor, not Mr. Murry. I understood that Mr. Murry wasn't to blame for that accident, but the drivers of the other two cars were.

"The Court: I will take a poll of each of the jurors. 'We, the Jury, find the issues in favor of the defendant and counter-complainant, John B. Grisolano, as against the plaintiff and counter-defendant, C. E. Rose, and assess his damages in the sum of $400.00.' This, of course, means that the defendant, Mr. Grisolano, is entitled to a judgment against the plaintiff, Mr. Rose. You all understand that? As I call your names, answer yes if this is your verdict, and no if it is not."

(Poll was taken, and all of the jurors answered in the affirmative with the exception of George P. Geake, who answered in the negative).

"The Court: The Jury will be excused."

Counsel for appellee also accept the statement of the case made by appellants. Accordingly, it is employed by us and is contained in the paragraph immediately following this one.

Although evidentiary facts are not essential for a decision by this Court on the issues presented, such facts as appellants believe to be undisputed will be briefly summarized. Appellant C. E. Rose, on the 5th day of June, 1950, was driving his 1950 model Oldsmobile automobile in a northerly direction on Madeira Drive in the City of Albuquerque, New Mexico. Appellee John B. Grisolano, through his agent, Arlene Ames (Grisolano), was driving his 1950 Pontiac sedan, in which he was a passenger, in a westerly direction on East Central Avenue. Appellant O. L. Murry was a guest in plaintiff Rose's automobile and allegedly sustained permanent injuries as a

result of the collision between the Rose and Grisolano automobiles, which collision occurred at the intersection of Madeira Drive and East Central Avenue in Albuquerque, New Mexico. Both cars were damaged.

At the conclusion of the evidence, the trial judge instructed the jury at length, closing his instructions by submitting five possible verdicts as follows:

"I hand you five forms of verdict—

"The First: 'We, the Jury, find the issues in favor of the plaintiff, C. E. Rose, as against the defendant, and assess his damages in the sum of $———.' His damages could not exceed $1500.00, which is the amount he sued for.

"The Second: 'We, the Jury, find the issues in favor of the plaintiff, O. L. Murry, as against the defendant, and assess his damages in the sum of $———.' His damages could not exceed $15,000.00, which is the amount he sued for.

"The Third: 'We, the Jury, find the issues in favor of the defendant.'

"The Fourth: 'We, the Jury, find the issues in favor of the defendant and counter-complainant, John B. Grisolano, as against the plaintiff and counter-defendant, C. E. Rose, and assess his damages in the sum of $———.' His damages could not exceed $800.00, which is the amount he sued for.

"The Fifth: 'We, the Jury, find the issues against the plaintiffs and defendant.' "

The jury returned its verdict into court reading as follows: "We, the Jury, find the issues in favor of the defendant and counter-complainant, John B. Grisolano, as against the plaintiff and counter-defendant, C. E. Rose, and assess his damages in the sum of $400.00."

As soon as the jury's verdict was returned into court and read, counsel for the appellants (plaintiffs) moved the Court to return the jury for further deliberation, or in the alternative discharge the jury as unable to agree. The colloquy between the Court and jury set out above then followed at the conclusion of which the motion just mentioned was renewed by counsel and denied. Its denial is the primary ground upon which the appellants seek a reversal. If sustained, there is no occasion to consider and pass upon other claims of error assigned and argued.

Counsel for both sides seem to agree that upon the return into court of a verdict the trial court may in its discretion inquire of the jury the grounds or principles upon which the verdict is based. Each cites 53 Am.Jur., 739, § 1067, "Trials", as well as many cases dealing with the question. However, appellee's counsel remind us that it is a power to be exercised sparingly and with great caution as stated in the text cited, supra. It also seems clear from merely reading it that inquiries and answers thereto in the course of the present

colloquy between the Court and the jury are not to be treated as answers to formal special interrogatories submitted to the jury by the Court of its own motion or at the request of either party. We are referred by counsel to an annotation of the subject in 164 A.L.R. 989, in which many cases are cited and discussed.

We are furthermore reminded by appellee's counsel of our recent decision in State v. Reed, 55 N.M. 231, 230 P.2d 966. We there held this Court is entitled to interpret the verdict by a reference to the whole record, especially the instructions given. But it would be impossible to aid or clarify this verdict by reference to the whole record, since we have only part of it, the entire bill of exceptions being omitted, though the instructions have been brought up.

It will profit little, however, to proceed further with a recital of the position of the respective parties on the exact nature of the colloquy which took place between Court and jury, since it discloses on its face so much confusion along with disregard of the court's instructions in certain particulars as to make it necessary to reverse the judgment rendered thereon and award a new trial. In the first place, it is obvious the jury applied the doctrine of comparative negligence in awarding recovery to defendant Grisolano against the plaintiff Rose on the former's cross-complaint. We do not recognize the doctrine of comparative negligence in this state, Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24, and under the instructions given the jury could not properly award a recovery based thereon.

In the second place, although acquitting Murry, a coplaintiff, of all negligence, the jury returned no verdict for or against him. He pleads that he suffered damages from injuries received in the sum of $15,000. There must have been evidence supporting his cause of action, although absent before us, since the Court instructed on the issues as between him and defendant. Hence, the failure to return a verdict as to his complaint cannot rest on the hypothesis that the jury considered him undamaged. We do not presume to say whether he is entitled to recovery, or if barred by negligence, if any, imputed to him. That was an issue as we glean from the instructions but the jury's verdict leaves him and his claim undisposed of, though his complaint is dismissed. It was error for the Court not to require a verdict on issues raised by the complaint and answer as between the plaintiff Murry and the defendant. Lovejoy v. Whitcomb, 174 Mass. 586, 55 N.E. 322; 53 Am.Jur. 719, "Trial", § 1039.

It follows from what has been said and in the interest of justice as between the par-

ties that the judgment should be reversed and the cause remanded to the district court of Bernalillo County with directions to award a new trial.

It Is So Ordered.

LUJAN, C. J., and McGHEE, COMPTON and COORS, JJ., concur.