Eugene E. **HAMBLIN**, Appellant,

v.

**MOUNTAIN STATES TELEPHONE
AND TELEGRAPH COMPANY**,
Appellee.

**No. 6096.**

United States Court of Appeals
Tenth Circuit.
Oct. 22, 1959.

David S. Kunz, Ogden, Utah (Dean N. Clayton and Calvin Gould, Ogden, Utah, on the brief), for appellant.

Grant H. Bagley, Salt Lake City, Utah (Clifford L. Ashton of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff-appellant complains of an adverse and summary judgment granted in a negligence action in the United States District Court for the District of Utah.

The trial court upon consideration of the pleadings, certain depositions of principal witnesses, and the admissions of the parties made at pre-trial, determined that plaintiff's claim for damages for personal injuries could not be sustained in view of the undisputed facts. The trial court found as a matter of law that the defendant was not guilty of negligence; further and alternatively, that defendant's negligence was not the proximate cause of plaintiff's injuries; finally, that plaintiff was guilty of contributory negligence. The judgment below was premised upon the undisputed factual situation which we summarize.

Defendant is a public utility furnishing communication service throughout Utah and certain surrounding states. As part of its facilities the company had constructed and maintained a guy wire across a public street in the town of Washington Terrace, Utah. The wire served as a brace for two of the company's telephone poles and extended horizontally across the street at a height of 16 feet, eight inches.

On July 31, 1958, plaintiff was riding on the top of a house that was being moved under contract by his employer. As the house approached the defendant's guy wire it became apparent that there was not clearance and that the peak of the house extended several inches above the wire. In order to obtain clearance plaintiff lifted the guy wire up and upon the house and placed it on a board so that wire and board would slide along the ridge of the house roof. The board was intended to provide a sled-like action for the wire. The procedure was successful until all but a few feet of the house had passed under the wire. The wire then snagged, grew extremely taut, and, in an effort to loosen it, plaintiff lifted the wire and was thrown violently to the street below. Counsel liken the final incident to the action of a bow string with a human arrow.

■ It is most apparent that plaintiff's initial burden in attempting to fix legal blame upon defendant for the tragic results of this accident lies in establishing negligence upon the part of the defendant in maintaining the guy wire at the site and height indicated. To do this plaintiff claims a violation of the regulations of the Public Service Commission of Utah, applicable to defendant as a public utility, and the consequent pertinency of the rule that violation of a lawful statute, ordinance, or regulation designed for the safety of the public constitutes negligence per se. The Supreme Court of Utah states the rule thus:

> "* * * When a standard of duty or care is fixed by law or ordinance, and such law or ordinance has reference to the safety of life, limb, or property, then, as a matter of necessity, a violation of such law or ordinance constitutes negligence * * * Care and prudence alone cannot excuse. Exceeding or disregarding the standard of care imposed must be held to be negligence, if it is anything * * * We do not hold that a violation of all laws or ordinances constitutes negligence per se, but we do hold that the violation of ordinances designed for the safety of life, limb, or property, does constitute negligence per se; and this, we think, is supported by the clear weight of authority * *." Smith v. Mine & Smelter Supply Co., 32 Utah 21, 88 P. 683, 686.

It being undisputed that defendant's wire extended over and across the Washington Terrace street at a height of 16 feet, eight inches, the trial court correctly ruled that the question of negligence or its lack was ripe for summary disposition by the court and required only the legal determination of whether or not defendant had violated the applicable regulation of the Utah Public Service Commission providing for basic clearances. Regulation 232 A of the Utah Commission is an adoption of the Fifth Edition of the National Electric Safety Code and is comprehensive in setting minimum clearances for all types of wires, dead and live, under varying settings and sites. The regulation is in the

form of a chart which indicates that "guys, messengers; communication, span, and lightning protection wires; effectively grounded continuous-metal sheath cables of all voltages" which cross over "public streets, alleys or roads in urban or rural districts" shall have a minimum vertical clearance above ground of "18 feet." The chart-form of the regulation necessitates and contains many exceptions which are indicated by footnotes. Footnote 6 is admittedly applicable to the instant case and states:

"If a communication service drop, or a guy which is effectively insulated against the highest voltage to which it is exposed, up to 8,700 volts, crosses a street, alley or road, the clearance may be reduced to 16 feet at the side of the traveled way."

█ Plaintiff contends that the mandate of this regulation requires a dead guy wire, as here considered, to be maintained at a height of 18 feet *over* the traveled way although it may be anchored at 16 feet at the *side* of the traveled way. We consider such interpretation, as did the trial court,[1] to be unrealistic. Obviously a guy wire used in the customary manner cannot give eighteen feet clearance over the entire street if it is but 16 feet high at one side. A more reasonable reading of the regulation, noting that lower basic clearances are allowed as electrical voltage lessens, indicates that footnote 6 is intended to lower the necessary clearance for guy wires where all danger from electrical current is eliminated; further, that the words "16 feet *at the side of the traveled way*" set a natural point of measurement for guy wires and communication drops extending, as they usually do, from a point of take-off higher than that of anchor or termination. When, as here, the guy extends horizontally the regulation would require the minimum height at each side of the traveled way. Such an interpretation gives meaning

to the specific wording of the regulation viewed against the background of its general purpose. Concluding, as we do, that the applicable regulation of the Utah Public Service Commission required defendant to maintain its wire at a minimum of 16 feet it follows that plaintiff has not shown a violation of the regulation and that the trial court was correct in ruling that plaintiff could not and did not sustain the burden of proving negligence. Since we hold such ruling to be correct it is not necessary to consider the alternate premises of the summary judgment.

Affirmed.

---

1. We are not aided in our consideration by either administrative interpretation nor judicial expression from the courts of Utah. In such case the views of the district court in interpreting local law carry extraordinary persuasive force.