FELDSTEIN, Appellant, v. HARRINGTON and another, Respondents.

*November 5—December 1, 1959.*

For the appellant there was a brief by *Reino A. Perala* of Superior, and *Friedman & Friedman* of Duluth, Minnesota, and oral argument by *Newton S. Friedman*.

For the respondents there was a brief by *Hughes, Anderson, Davis & Walker* of Superior, and oral argument by *John L. Davis*.

DIETERICH, J. This action is before this court a second time. *Feldstein v. Harrington* (1958), 4 Wis. (2d) 380, 90 N. W. (2d) 566. That action was tried to a court and jury. The only issue for jury determination was the issue of damages. The only question submitted to the jury in the former case was:

" 'At what sum do you assess the damages of the plaintiff, Jacob Feldstein, for personal injuries, including pain and suffering, which you find were actually sustained by him as a result of the accident in question?' "

The jury returned an answer of $700 to such question. This court granted a new trial because of erroneous rulings on admissibility of evidence and did not discuss the inadequacy of damages, although this court stated it would not disturb the jury's findings as to damages if that were the sole issue.

In the present action the sole issue was as to damages, liability being admitted, and the trial court submitted the following question:

"What sum will fairly compensate the plaintiff, Jacob Feldstein, as a natural consequence of the collision,
"A. For personal injuries?
"B. For hospital and medical expenses?"

The jury's answers to these questions were as to (A) none, and (B) $700.

The medical expenses stipulated and testified to were as follows: St. Luke's Hospital, $247.50; Dr. J. R. McNutt, for X rays, $62.50; Dr. Mendeloff, $255; total $565. There was testimony that the plaintiff also expended the sum of $85.80 per year for hot baths at $1.65 each. There is also testimony in the record that plaintiff had taken hot baths regularly prior to the accident, which is the subject matter of this suit.

No manipulation of the items of special damages allowed under sub. (B) of the special verdict results in the figure of the jury's award in the amount of $700 to the plaintiff for medical and hospital expenses, which resulted as a natural consequence of the negligence of the defendant. In sub. (A) of the same question, the jury failed to award any amount for personal injuries. The verdict, therefore, is inconsistent. The inconsistency of the answers to subs. (A) and (B) in the special verdict creates a perverse verdict and requires the granting of a new trial. *Lines v. Milwaukee* (1911), 147 Wis. 546, 133 N. W. 592; *Olsen v. Brown* (1925), 186 Wis. 179, 202 N. W. 167; and *Murphy v. Lachmund Lumber & Coal Co.* (1927), 194 Wis. 119, 215 N. W. 822.

In view of our granting a new trial on damages, it becomes unnecessary to discuss other questions raised by the briefs and arguments of counsel.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on the issue of damages only.