Floyd H. LESTER, Appellant,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Appellee.

No. 6103.

United States Court of Appeals Tenth Circuit.

Jan. 19, 1960.

Rehearing Denied Feb. 16, 1960.

David F. Boyd, Jr., Albuquerque, N. M. (Gordon W. Coker, Albuquerque, N. M., was with him on the brief), for appellant.

R. G. Cooper, Albuquerque, N. M. (B. G. Johnson, Albuquerque, N. M., was with him on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

The action, initiated by plaintiff-appellant in the state court of New Mexico and subsequently removed to the United States District Court, is premised upon the assertion that the death of appellant's wife was wrongfully occasioned by the negligence and gross negligence of the defendant railroad. The cause was submitted to a jury which found the issues in favor of defendant by general verdict. Principal contentions upon appeal urge error in the court's instructions relative to the issue of contributory negligence as that defense could properly apply under the factual particulars revealed by the evidence.

The law of New Mexico recognizes contributory negligence as a complete defense to an action premised upon ordinary negligence. The tenets of the doctrine of comparative negligence are thus rejected as such but nevertheless perhaps gain partial recognition in the holding that a defendant's negligent act may be committed under such aggravated circumstances as to deny to defendant the right to interpose plaintiff's contributory negligence as a defense. Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24. Based on this authority, plaintiff herein requested an instruction to the effect that contributory negligence would bar his action if the jury determined that defendant was guilty of "gross, wanton, willful and callous disregard * * * of the rights, lives and safety of persons and property lawfully near or upon defendant's tracks." The requested instruction was refused and the cause was submitted to the jury upon specific instruction that a finding of contributory negligence would require a verdict for defendant. Inherent in the trial court's action is the implied holding that

no issue of reckless disregard of consequences or other circumstances of aggravation arises from the evidence. We must then first explore the correctness of that holding by an examination of the testimony most favorable to plaintiff.

Plaintiff's wife was killed as the result of a crossing accident occurring at about 4:20 p. m. on December 26, 1957. The crossing was located on comparatively flat terrain, was little used, and could be described as a typical country crossing protected by the usual warning crossbuck. At the time the train made the crossing and struck the decedent's automobile it was traveling at twice the speed allowable under the company safety rules for the run.[1] The train consisted of a caboose, seven heavily loaded cars and an engine and was traveling cross country with the caboose as the lead car, followed by the seven freights and pushed by the engine. In lay language, the train was going backwards, a practice recognized by the crew as "certainly not the safest" way to go cross country. The short length of the train decreased braking power and the heavy load made control more difficult, both facts being known to the experienced crew. All mechanical control of the train was in the engine except a brake valve in the cupola of the caboose.

Rules of the company also provided that "cars must not be pushed over a street, highway or railroad crossing at grade unless a member of the crew is on the leading car * * * to see that the crossing is clear" and that "when cars are pushed by an engine, except when switching, a trainman or yardman must take a conspicuous position on the leading car." No trainman was on the leading platform of the caboose, but two men were observing the progress of the train from the cupola. Witness Hunt first noticed the Lester automobile approaching the crossing at a slow rate of speed when it was 150 to 225 feet from the track. The witness admitted that he could have seen an automobile while it was yet a half-mile to a mile up the road, but explained that the train was a considerable distance from the intersection when he first observed the car. Because he believed that the car was slowing to a stop in obedience to the cross-buck warning sign, he made no signal to the engineer. When he realized that it was proceeding across the track, he put the train into emergency but too late, for the crash occurred within ten seconds. The train traveled 1,027 feet before coming to a complete stop.

Another rule of the company requires the display of a headlight at the front of the train by day and by night. It is agreed that there was no headlight at the leading edge of the train at the time of the accident and, although there is a dispute as to whether or not the engine headlight was on, it is apparent that its effectiveness would be dimmed by the cars which were being pushed in front of it.

Although much has been written and many academic niceties discussed about the distinction between negligence and gross negligence it is certain that gross negligence involves a conscious choice of conduct involving a risk to the safety of others of greater quantum than in the simple unskillfulness, inadvertence or incompetence forming the basis of ordinary negligence. See A.L.I. Restatement of Torts, sec. 500. And the weighing of such conduct against the quantum of risk involved is ordinarily a question for the jury to consider in determining the fact or lack of gross negligence under particular circumstances. Gray v. Esslinger (on rehearing) 46 N.M. 492, 131 P.2d 981. The ultimate determination is one of fact which must be submitted to the jury unless reasonable minds could reach but a single and apparent conclusion. In view of the factual background of the decided cases in New Mexico we do not

---

1. The company rule was premised upon the condition of the road bed and not as a general speed safety rule for traffic conditions. However the flagrant violation of the rule is relevant to probe the train crew's general attitude toward operational safety by choice of conduct.

believe that the instant issue can be decided as a matter of law. In Gray v. Esslinger, supra, it was held that the question of gross negligence should be submitted when the wrongdoer was driving an automobile at a high rate of speed in a restricted area, resulting in a deadly impact. In Hall v. Stiles, 57 N.M. 281, 258 P.2d 386, the issue was deemed proper for jury consideration when the driver of a disabled truck left his parked vehicle on a paved portion of the highway without setting flares or attempting to warn oncoming motorists. In view of these decisions we believe the instant case to be of at least equal factual strength. If the jury should find that the choice of conduct of the train crew in running the train backward,[2] knowing that the control and safety of the operation of the short and heavy train was thereby greatly impaired [3] was wrongful to such an extent as to evince a reckless disregard for the rights of others, we believe a finding of gross negligence permissible under New Mexico law.

■■ Since the case must be remanded for a new trial we consider one other contention [4] urged by plaintiff and inherent in the re-trial of the cause. Plaintiff contends that the following instruction given by the court, without qualification, erroneously submits one aspect of the case:

"You are instructed that Section 64–18–40, New Mexico Statutes, 1953, provides as follows: I am now going to read a New Mexico Statute in full:

" 'Obedience to signal indicating approach of train.—(a) Whenever any person driving a vehicle approaches a railroad crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within 50 feet but not less than 15 feet from the nearest rail of such railroad, and shall not proceed until he or she can do so safely. The foregoing requirements shall apply when:

\* \* \* \* \* \*

" '3. A railroad train approaching within approximately 1,500 feet of the highway crossing emits a signal audible from such distance and such railroad train, by reason of its speed or nearness to such crossing is an immediate hazard;

" '4. An approaching railroad train is plainly visible and is in hazardous proximity to such crossing.
\* \* \* '

"That is the end of the New Mexico Statute.

"If you find from the evidence that the plaintiff's decedent violated such Statute, then such violation would constitute negligence as a matter of law."

The instruction, considered as a generalization, is undoubtedly a correct statement of the law. Violation of a statute designed for safety of life, limb or property is negligence as a matter of law. See Hamblin v. Mountain States Tel. & Tel. Co., 10 Cir., 271 F.2d 562; Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407. But any generalization must be considered in the light of any existing and peculiar circumstances which would operate to give relief from the mandate of the statutory obligation. Performance of the duty may be excused as when the conduct of the railroad invites assurance of safety. Surdyk v. Indiana Harbor Belt R. Co., 7 Cir., 148 F. 2d 795. In Bradshaw v. City of Seattle, 43 Wash.2d 766, 264 P.2d 265, 42 A.L.R. 2d 800, the Washington court held that the question of whether the plaintiff had

---

2. The evidence is undisputed that the train could have been made up with the engine as lead by switching operations involving from 2 to 3 hours of the crew's time.

3. Potentially, vision and visability, ability to signal and brake and perhaps other control factors are involved.

4. Appellant's assignment of error in this regard was not protected by the record. No requested instruction upon the subject was submitted to the trial court.

reasonably been deceived into believing a crossing had been abandoned was a jury question affecting the question of contributory negligence. In the instant case, plaintiff now contends that decedent was misled, without fault, as to the direction in which the train was going. If upon re-trial, and upon proper request, the evidence and circumstances indicate that reasonable persons could entertain different opinions as to whether the decedent, in the exercise of proper care for her own safety, was reasonably misled as to the direction of travel of the train we do not believe the New Mexico statute to be a bar to submission to the jury of the issue.

Other assignments of error made by appellant are without merit or not inherent upon re-trial.

Reversed and remanded for a new trial.