383 P.2d 271

Edward H. JONES, individually and as father, natural guardian and next friend of William Edward Jones, a minor, and Margie Kirklen, individually and as mother, natural guardian and next friend of Mary Constance Kirklen, a minor, Plaintiffs-Appellants,

v.

Ben Harold POLLOCK and R. L. Pollock, Defendants-Appellees.

No. 7188.

Supreme Court of New Mexico.

June 24, 1963.

**316**

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, John F. Loehr, Farmington, for appellants.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellees.

CHAVEZ, Justice.

This is an appeal from a jury verdict rendered in favor of plaintiffs-appellants for damages arising out of an automobile accident.

Suit was brought by two minor passengers, William Edward Jones and Mary Constance Kirklen, joined by their respective parents, Edward H. Jones and Margie Kirklen, against the minor driver, Ben Harold Pollock, his father, R. L. Pollock, and others. Prior to trial, the district court dismissed the action as to all defendants except the Pollocks, father and son.

The verdict returned by the jury awarded Mary Constance Kirklen "nothing," her mother Margie Kirklen $1300, William Edward Jones "nothing," and his father Ed-. ward H. Jones $2500. Plaintiffs objected in open court at the time these verdicts were rendered that they were inadequate and that the jury should deliberate further. This was denied. Plaintiffs then filed a motion in three alternatives: (1) That an additure be granted; (2) that a new trial limited to the issue of damages only be granted; and (3) that a new trial on all issues in the case be granted. The motion was denied.

Plaintiffs appealed. Defendants-appellees did not attack the verdict below or cross-appeal.

The three minors were in the Pollock family car, which was being driven by Ben Pollock with the permission of his father, R. L. Pollock. While proceeding on the highway from Bloomfield toward Aztec, in San Juan County, at an excessively high rate of speed, Ben Pollock started to pass a truck driven by Emmett Lee McDonald, which was traveling in the same direction. Pollock's vehicle hit the left side of a car coming in the opposite direction driven by Martin Gordon, struck the rear of McDonald's truck, and then, still going, hit another car driven by Edward William Van Ostrand, which was following the Gordon car. The evidence is not clear as to whether the Pollock car struck the Gordon vehicle before or after it hit the back end of the truck. The Pollock car finally came to rest crossways in the roadway. Both Mary Kirklen

and William Jones testified they had requested Ben Pollock to slow down but his only response was a grin and a "crazy laugh." Ben Pollock testified that he did not remember anything at all about the accident.

Appellants' only point is that the trial court erred in denying their motion for a new trial limited to the issue of damages, as the award to the adult appellants is inadequate and the failure to award damages to the minor appellants, after the jury found appellees liable for their injuries, has no foundation in the evidence. A brief review of the evidence will reveal the basis for their position.

As to the injuries suffered by Mary Kirklen, the evidence establishes the extent of her injuries to include both fractured legs, which required three operations to repair, concussion of the brain and an injured eye. Her condition was critical on admission to the hospital following the accident. She was required to remain in the hospital for approximately three weeks and to use crutches for two or three months thereafter. The medical bills arising from treatment of these injuries totaled $2,534.36.

William Jones was also in critical condition upon arrival at the hospital and the doctors questioned whether he would survive. He had a "depressed skull fracture and contusions of the brain, multiple abrasions and contusions and lacerations, and appar-

ently some time there had picked up the fracture in the right mandible." It was necessary to perform a pressure operation on the brain and later a tracheotomy. Another operation was performed to remove the scar tissue which formed as a result of the tracheotomy, as it was causing difficulty with his swallowing. Subsequent to the accident, William Jones developed a speech defect which Dr. David L. Kendall felt could have been caused by the brain damage. William Jones was in an unconscious or in a semicomatose condition for about one month, required special nursing for another two weeks, and was disoriented for months. His medical bills totaled $8,631.-32.

■ The verdicts were only for a portion of the medical expenses incurred, approximately 51% for the Kirklens and approximately 29% for the Joneses. The question arises as to what consideration, if any, was given to the balance of the medical expenses incurred when the jury arrived at its verdict. Did the jury reduce its award because of the contributory negligence of appellants? If this were the case, the jury was exploring in the waters of comparative negligence, a practice repudiated by this court in Rose v. Grisolano, 56 N.M. 25, 239 P.2d 719, and in Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24, rehearing denied 46 N.M. 492, 131 P.2d 981.

Appellees point out that they stipulated to the total of the medical bills, however, they did not stipulate this amount to be recoverable. Be that as it may, appellees cite no evidence in the record which would tend to lessen the amount which appellants claim they incurred as a result of the accident. There was no controversy as to the amount of the medical expenses. The only evidence offered on this point was that submitted by appellants. Nor did appellees offer any evidence as to the unreasonableness of these claims. No evidence is called to our attention providing a basis for the discount of the definite medical expenses incurred. The measure of damages for personal injury includes the reasonable cost of the care, services and attention made necessary by the injury, such as the attendance of doctors and nurses, hospital care, medicines and appliances. McCormick on Damages, § 90, p. 323. In view of the record before us, we are constrained to hold the trial court committed error in accepting the verdict as rendered by the jury. Podoll v. Smith, 11 Wis.2d 583, 106 N.W.2d 332.

It does not stand to reason for the jury to have arrived at the determination that appellees are liable for the injuries suffered by appellants without it also finding that appellants merited an award for the injuries. Murrow v. Whiteley, 125 Colo. 392, 244 P.2d 657; Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272; Feldstein v. Harrington, 8 Wis.2d 569, 99 N.W.2d 694. The facts show the injuries to have been serious in nature and both the injured parties were in critical condition upon their arrival at the hospital. If appellants are entitled to recover, they are entitled to damages for the injuries inflicted, for the pain and suffering caused thereby, and mental injury arising therefrom. Hebenstreit v. Atchison, Topeka & Santa Fe Railway Company, 65 N.M. 301, 336 P.2d 1057.

We consider that justice has not been done because the award of damages is grossly inadequate. The partial disallowance of the doctors and hospital expenses is unsupported by the evidence. If this verdict were allowed to stand, appellants would be denied reasonable justice.

Appellees contend the only basis for reversing a trial court's denial of a motion for a new trial is that the trial court abused its discretion in so denying. This is true. Cienfuegos v. Pacheco, 56 N.M. 667, 248 P.2d 664. However, where it is shown, as it is here, that the verdict of the jury on the question of damages is clearly not supported by substantial evidence adduced at the trial of the case, a motion for a new trial should be granted, and not to do so is an abuse of discretion by the court.

Appellants seek a new trial limited to damages alone. However, as the verdict rendered by the jury is suspect in its entirety, because of the possibility that it may

have been reached by the application of the comparative negligence doctrine which is not recognized by this court, Rose v. Grisolano, supra, a new trial as to all issues must be had. To do otherwise, under the circumstances, could well result in an injustice to appellees.

The cause is remanded to the district court with direction to set aside the verdict and to grant a new trial as to all issues.

It is so ordered.

CARMODY and MOISE, JJ., concur.