GOULD, Respondent v. MANS et al., Appellants

(152 N.W.2d 92)

(File No. 10391. Opinion filed July 5, 1967)

Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy, Sioux Falls, for defendants and appellants.

Woods, Fuller, Shultz & Smith, Timothy J. Nimick, A. D. Sommervold, Sioux Falls, for plaintiff and respondent.

HANSON, Judge.

In this "whiplash" action plaintiff, Mary Ann Gould, seeks recovery of $100,000 damages. She was allegedly injured on January 15, 1965 while seated in the right front seat of a Yellow Cab which had stopped for a red light at the intersection of 11th and Duluth Avenues in Sioux Falls. The streets were icy and her cab was struck in the rear by a Soo Cab operated by the defendant, Otto Mans. The impact snapped plaintiff's head back. It moved her taxi about one foot ahead. Two other passengers

in the taxi were not knocked off the rear seat and there was no damage to either vehicle.

At the conclusion of the evidence the trial court granted plaintiff's motion for a directed verdict on the issues of negligence and contributory negligence, but believing there was a question of proximate cause presented two verdict forms were submitted to the jury. One form of verdict was in favor of defendant. The jury returned a general verdict for plaintiff in the sum of $3,028.92 which was the precise amount of her alleged medical, hospital, physical therapy, and transportation expenses.

Plaintiff moved for a new trial on the grounds of Inadequate damages (1) appearing to have been given under the influence of passion and prejudice, and (2) Insufficiency of the evidence to justify the verdict. After considering the motion the trial judge wrote counsel "After a careful examination of the evidence and the verdict in this case, I cannot envision how the jury could legally find the defendant responsible for all of the medical, hospital, physical therapy, and transportation expense; and not responsible for the unquestioned pain and suffering and at least temporary disability during the hospitalization and treatment. Accordingly, I must grant a new trial." The order for a new trial "ORDERED, that the verdict of the jury be set aside and vacated on the grounds that, among other things, the verdict was inadequate, in that the jury awarded the plaintiff the exact amount of her medical, hospital, physical therapy and transportation expenses incurred, but did not assess damages for pain and suffering and temporary or permanent disability as a result of the accident." Defendants appeal from such order.

In granting a new trial for the reason assigned, the trial court was following the apparent weight of authority which regards a verdict in a personal injury action for the amount of medical expenses to be inadequate and invalid without an additional award for pain and suffering. See Annotation in 20 A.L.R.2d 276 and supplemental cases. The reasoning behind this rule is explained in Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272 as follows: a jury cannot award recovery for medical expenses and without reason deny recovery for the very injuries necessitating the medical expenses. The grounds

upon which the courts hold such a verdict inadequate and invalid vary. In some cases it is said to be inconsistent, Feldstein v. Harrington, 8 Wis.2d 569, 99 N.W.2d 694, Shewry v. Heuer, 255 Iowa 147, 121 N.W.2d 529, and Burkett v. Moran, Okl., 410 P.2d 876. In others the great weight of evidence compels an award for pain and suffering and failure to include such an award in the verdict reflects a disregard by the jury of proper instructions given by the court. Fordon v. Bender, 363 Mich. 124, 108 N.W.2d 896; Mosley v. Dati, 363 Mich. 690, 110 N.W.2d 637; Gomes v. Roy, 99 N.H. 233, 108 A.2d 552. A verdict of this nature is also said to be a compromise, Allbee v. Berry, 254 Iowa 712, 119 N.W.2d 230, the result of mistake, passion, prejudice, or partiality, Venuto v. Lubik Oldsmobile Inc., 70 N.J.Super. 221, 175 A.2d 477, or the evidence is insufficient to sustain the same, Maier v. Holzer, N.D., 123 N.W.2d 29.

■ An adequate verdict cannot be guaranteed by the courts to every plaintiff who prevails in a personal injury action and we are not willing to adopt an inflexible rule which would in effect render every verdict approximating a plaintiff's medical expenses inadequate and invalid as a matter of law. Such verdicts have been sustained and explained by the courts on various grounds such as: the jury could reasonably believe plaintiff suffered no compensable pain or suffering, yet compensable medical expenses were incurred, City of Miami v. Smith, Fla., 165 So.2d 748; or there are no objective manifestations of injury and there is evidence of a pre-existing injury, or the jury does not believe the amount of medical expenses is reasonable or proximately caused by defendant's neglect, Medina v. Brown, 172 Cal.App.2d 208, 342 P.2d 353, Morseman v. Mangum, 177 Cal.App.2d 218, 2 Cal.Rptr. 67, Berg v. Gunderson, 275 Minn. 420, 147 N.W.2d 695. Likewise, the verdict in the present action may be a reflection of jury judgment to a large claim arising from a minor accidental cause. Plaintiff's complaints were largely subjective in nature. She had a pre-existing lower back injury and was emotionally disturbed by the recent death of a minor son. Some of her medical and hospital expenses could be considered the result of an unrelated illness. Consequently, the jury could reasonably find plaintiff's

medical expenses were not all proximately caused by defendant's neglect.

■ ■  An application for a new trial on the ground of inadequate damages is addressed to the sound judicial discretion of the trial court. Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924. There are no exceptions including a verdict in a personal injury action for the amount of medical specials only as such verdicts may be explainable and sustainable. Our only function, in each case, is to determine whether or not there has been an abuse of discretion. In this respect orders granting new trials stand on firmer ground than orders denying them as they are not conclusive or decisive of any rights or issues. Jensen v. Miller, 80 S.D. 384, 124 N.W.2d 394.

■  In the present action the trial court directed a verdict for plaintiff on the issues of negligence and contributory negligence. By its verdict the jury found plaintiff's injuries, in part at least, were proximately caused by defendant's negligence. In view of the evidence regarding the extent, nature, and causation of plaintiff's injuries and mental condition the trial court could do no wrong in either granting or refusing a new trial on the ground of inadequate damages. It was a matter resting within his broad discretion and we find no abuse.

■  According to Rule 59 South Dakota Rules of Civil Procedure a new trial because of inadequate damages may now be granted under either subsection (5) for inadequate damages appearing to have been given under the influence of passion or prejudice, or under subsection (6) for insufficiency of the evidence to justify the verdict. Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924; Lanning v. Schulte, 82 S.D. 528, 149 N.W.2d 765. The motion for new trial in the present action was made under both subsections (5) and (6) and was obviously granted upon the grounds of insufficiency of the evidence to justify the verdict. Consequently it was unnecessary for the court to first find the damages were given under the influence of passion and prejudice as defendants contend.

Affirmed.

All the Judges concur.