Chester A. BOATRIGHT, as Administrator of the Estate of Garland L. Boatright, Deceased, Appellant,

v.

Alexander SCLIVIA, aka Alexander Selivra, Appellee.

No. 146-69.

United States Court of Appeals, Tenth Circuit.

Feb. 16, 1970.

**950**

Charles O. Morgan, Jr., San Francisco, Cal. (Lewis R. Sutin, Albuquerque, N. M., and Morgan & Moscone, San Francisco, Cal., on the brief) for appellant.

Walter R. Parr, Window Rock, Arizona (William H. Oldaker, Albuquerque, N. M., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

Chester A. Boatright appeals from a judgment entered on a jury verdict for defendant-appellee Selivra in a wrongful death action. The action arose from a collision in which an automobile driven by Garland Boatright struck the rear of Selivra's automobile while it was standing without lights at 5:30 A.M. on Highway 66 near Albuquerque, New Mexico.

The appellant, as executor of Boatright's estate, instituted this wrongful death action against Robert Yeager, the driver of Selivra's car, and Selivra alleging two theories of recovery—one based on the negligence of the defendants and another based on their "wanton and reckless" conduct. Although Yeager was a named defendant in his complaint, Chester Boatright apparently proceeded against Selivra as the owner on the theory that the collision was caused by Yeager's acts for which Selivra was responsible. Selivra's answer denied negligence and wanton and reckless conduct and asserted among its affirmative defenses that the decedent was contributorily negligent in failing to keep a proper lookout and that Yeager was not within the scope of any employment by Selivra or within Selivra's control.

At the close of the evidence the executor moved for a directed verdict on the issue of Selivra's negligence, contending that Yeager's statutory violations were proven as a matter of law and that the only issue, therefore, was the defense of contributory negligence. The trial court denied this motion and, on request of the plaintiff, told the jury that as owner of the car in which he was riding Selivra was presumed to be in control of the driver. We read the instruction to make Selivra legally liable for tortious acts of Yeager and we agree. The evidence is clear that Selivra and Yeager were sharing the expenses and driving on a trip to California in Selivra's car and that Yeager was driving the car at the time of the collision while Selivra rested in the back seat.

Upon further request of the executor the court referred to the state statutes regulating stopping on the highway and the use of lights at night [1] and told the

---

[1]. N.M.Stat.Ann. §§ 64–18–49 and 64–20–2 (1953) provide:

"§ 64–18–49. Stopping, standing or parking outside of business or residence districts.—(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unat-

jury that if they found Yeager violated these statutes he was guilty of negligence per se. The court then gave a conventional instruction on contributory negligence but refused to instruct on the willful and wanton conduct theory. After the charge the executor objected only to the trial court's refusal to charge on willful and wanton conduct. The jury returned a general verdict for Selivra and judgment was entered.

■ The first question is the effect to be given the executor's motion for a directed verdict on the issue of Selivra's negligence. On appeal he asserts the denial of the motion as error on the theory that Yeager's statutory violation, and thus Selivra's negligence, were established as a matter of law. Although we agree that Yeager's statutory violation was clearly established,[2] we must reject the executor's contention. Establishment of Selivra's negligence per se did not entitle the executor to a directed verdict. Negligence per se does not obviate the defense of contributory negligence

and that defense remained for the jury on the facts of this case.

■ Instead of requesting an instruction consistent with the motion for directed verdict, the executor left the issue of negligence per se in the realm of fact by requesting the court to instruct that if the jury found Yeager had violated the statutes he was guilty of negligence per se. In the absence of a request the court surely cannot be faulted for failing to instruct on the issue of negligence as a matter of law, even though the uncontradicted facts warranted such an instruction. See Dunn v. St. Louis-San Francisco Railway Co., 370 F.2d 681 (10th Cir. 1966).

■ The executor did, however, request that the jury be instructed on the willful and wanton conduct theory of recovery and did properly object to the court's refusal to so charge the jury. The trial court's refusal to submit this issue was apparently based on its view that mere violation of a statute was not evi-

tended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of 200 feet in each direction upon such highway.

"(b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.

&ast; &ast; &ast; &ast; &ast;

"§ 64-20-2. When lighted lamps are required.—Every vehicle upon a highway within this state at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of 500 feet ahead shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles as hereinafter stated."

2. In New Mexico, as elsewhere, violation of a statute "is negligence per se and when as a proximate result thereof a person is injured, damages may be recovered if the statute &ast; &ast; &ast; violated was for the benefit of the person injured." Sanchez v. J. Barron Rice, Inc., 77 N.M. 717, 427 P.2d 240, 244 (1967). The uncontradicted evidence showed that Yeager stopped in the right-hand lane of Route 66, which admittedly had a shoulder wide enough to accommodate Selivra's automobile. Yeager turned out all the lights on the automobile although it was approximately 5:30 A.M. and the only illumination came from the lights of the adjoining business. It is clear that the statutes involved here were intended for the protection of other motorists such as Garland Boatright and that Yeager's conduct violated them. Since Selivra did not attempt to meet his burden of showing excuse for the violations, Jackson v. Southwestern Public Service Co., 66 N.M. 458, 349 P.2d 1029, 1038 (1960); and see Lester v. Atchison, Topeka & Santa Fe Railway Co., 275 F.2d 42, 45–46 (10th Cir. 1960), the trial court should have instructed the jury that Selivra was guilty.

dence of willfulness and wantonness as that conduct is defined under New Mexico law. We think this ruling of the trial court was erroneous. The court was evidently influenced by the definitions of "heedlessness" and "reckless disregard" approved by the New Mexico Supreme Court in cases arising under the New Mexico guest statute, N.M.Stat.Ann. § 64–24–1 (1953). McGuire v. Pearson, 78 N.M. 357, 431 P.2d 735 (1967); Valencia v. Strayer, 73 N.M. 252, 387 P.2d 456 (1963). These cases pertain to the statutory duty owed by a host to his guest. The question here is the common law duty owed to a third party traveling in another car and we doubt that the cases cited were intended to apply to situations like ours.

More in point is the case of Hall v. Stiles, 57 N.M. 281, 258 P.2d 386 (1953), another rear-end collsion case in which the defendant's driver left his disabled truck on the highway at night with its clearance lights on but without any flares, flags or other warnings. The New Mexico Supreme Court approved an instruction which told the jury that if they found the defendant acted with "reckless, willful and wanton disregard of human life" it was their duty to disregard the defense of contributory negligence and to find for the plaintiff. 258 P.2d at 390. The court specifically held that contributory negligence was not a defense to willful and wanton conduct. See also Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24 (1942).

We think the executor was entitled to the requested instruction on willful and wanton conduct and that it was error not to submit the case to the jury on that issue. *See generally*, Lester v. Atchison, Topeka & Santa Fe Railway Co., 275 F. 2d 42, 44–45 (10th Cir. 1960); Olea v. Southern Pacific Co., 77 Cal.Rptr. 332 (Ct.App., 2d Dist.1969); Newman v. Piazza, 6 Ariz.App. 396, 433 P.2d 47 (Ariz.1967); Fugagli v. Camasi, 426 Pa. 1, 229 A.2d 735 (Pa.1967); Liebhart v. Calahan, 434 P.2d 605 (Wash.1967); Restatement (Second) of Torts § 500 (1965). Other points raised, going to

the admissibility of evidence, may not recur on retrial, and in any event seem to be well within the court's allowable discretion. The judgment is accordingly reversed and the case remanded for new trial.