Robert ITZEN, Plaintiff and Appellant,

v.

Richard WILSEY, Defendant and Appellee.

No. 16081.

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1989.

Decided May 10, 1989.

Robert Itzen, pro se.

Rick W. Orr of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

SABERS, Justice.

Robert Itzen appeals claiming inadequate damages in his personal injury action against Richard Wilsey. We affirm.

## FACTS

On September 3, 1983, Itzen was riding as a passenger on a motorcycle which was struck by Wilsey's automobile. The collision thrust Itzen from the motorcycle onto a paved city street. An ambulance was called and Itzen was taken to a local hospital emergency room. No serious injuries were diagnosed and Itzen was released with advice to consult his doctor if his pain continued.

Itzen testified that after the accident he continued to suffer from severe pain in his back and left knee. Between the time of the accident and October of 1985 Itzen consulted a number of doctors (including neurosurgeons and orthopedic surgeons) regarding his pain. Itzen had a complete physical work-up done at a hospital in Council Bluffs, Iowa. Despite these numerous examinations, no serious injury to Itzen's back or knee was diagnosed. Nevertheless, Itzen testified that throughout this time he suffered from such pain in his knee and his back that he was unable to work.

In October 1985 Itzen consulted another orthopedic surgeon, Dr. Benson. Dr. Benson ultimately diagnosed a torn lumbar disc in Itzen's spine. Corrective surgery was performed and one year after the surgery, Dr. Benson gave Itzen an impairment rating for his back of 15 per cent of the whole man. Dr. Benson considered this to be a good result and testified that with rehabilitation Itzen should be able to return to normal work activity.

In May 1987 Dr. Benson performed an arthoscopy on Itzen's left knee. He found that Itzen's kneecap was sliding slightly out of joint and performed corrective surgery on the knee. Dr. Benson subsequently gave the knee an impairment rating of 10 per cent of the lower extremity which is equal to 4 per cent of the whole man.

Itzen commenced the present action against Wilsey in June 1985 seeking damages in the amount of $19,152 for pain, suffering, personal injuries, permanent impairment and for such further relief as would be just and equitable. At trial, testimony was also given concerning Itzen's lost wages resulting from the accident. The case was tried before a jury in October 1987. At the close of all the evidence, the trial court directed a verdict in Itzen's favor on the issue of negligence. Thus, the only issues submitted to the jury were proximate cause and damages. The jury returned a general verdict for Itzen in the amount of $13,000. After entry of judgment, Itzen filed motions for judgment notwithstanding the verdict, new trial or for additur. All three motions were denied.

## ISSUE ONE

Did the trial court abuse its discretion in denying Itzen's motion for a new trial?

Itzen contends that the verdict was an obvious result of juror passion, prejudice or a palpable mistake as to the rules of law by which damages are to be measured, inasmuch as he proved medical expenses exceeding $19,000 and the verdict was for only $13,000. Accordingly, Itzen argues that he is entitled to a new trial on the issue of damages.

An application for a new trial based upon an inadequate damages award is addressed to the sound discretion of the trial court and a denial of the motion will not be reversed absent an abuse of that discretion. *Simmons v. City of Sioux Falls*, 374 N.W.2d 631 (S.D.1985). A new trial is not to be granted due to inadequacy of damages merely because a court believes a verdict is smaller than it should be. *Stoltz v. Stonecypher*, 336 N.W.2d 654 (S.D.1983) *citing Hanisch v. Body*, 77 S.D. 265, 90 N.W.2d 924 (1958). The issue of damages in a personal injury action is peculiarly a question for the jury. *Id.* The

jury's verdict should not be set aside except in those extreme cases where it is the result of passion or prejudice or where the jury has palpably mistaken the rules of law by which damages in a particular case are to be measured. *Id.;* SDCL 15–6–59(a)(5).

In reviewing jury verdicts approximating the medical expenses proven in a personal injury action, this court has stated:

> An adequate verdict cannot be guaranteed by the courts to every plaintiff who prevails in a personal injury action and we are not willing to adopt an inflexible rule which would in effect render every verdict approximating a plaintiff's medical expenses inadequate and invalid as a matter of law. Such verdicts have been sustained and explained by the courts on various grounds such as: the jury … does not believe the amount of medical expenses is reasonable or proximately caused by defendant's neglect[.] (citations omitted).

*Gould v. Mans,* 82 S.D. 574, 577, 152 N.W. 2d 92, 93 (1967). If the jury's verdict can be explained with reference to the evidence rather than by juror passion, prejudice or mistake of law, the verdict should be affirmed. *See Stoltz, supra; Gould, supra.* In this regard, the evidence is viewed in a light most favorable to the verdict. *Stoltz, supra; Hanisch, supra.*

█ In *Gould, supra* we reviewed a claim of error in the jury's award of damages. In affirming the jury's verdict we looked to certain facts which could have permitted the jury to conclude that a portion of the claimed medical expenses were not proximately caused by the defendant's neglect. We find similar facts present in the instant case. Despite Itzen's testimony of continuous back pain after the September 1983 accident, the evidence clearly indicates that Itzen made no complaint of back pain to a doctor until February 1984, approximately five months after the accident. In fact, the report of one of Itzen's doctors from December 1983 specifically states that at that time Itzen had *no* back pain. There was also testimony at trial concerning Itzen's work history as a manual laborer who performed tasks requiring heavy lifting and testimony that Itzen was active in athletics and enjoyed playing basketball for recreational purposes. Relying on these facts, the jury could have concluded that the medical expenses incident to Itzen's back injury were not proximately caused by Wilsey's neglect.

The jury could have excluded the hospital and surgeon's bills related to Itzen's back surgery in 1985. This would account for a reduction of approximately $10,000 in Itzen's claim for medical expenses without consideration of other expenses attendant to the back injury including pharmaceutical bills, therapy, and the physical work-up Itzen had performed in Iowa.

Another factor to consider in reviewing a jury's award of damages is the plaintiff's credibility as a witness. *Stoltz, supra.* Itzen's credibility was clearly in issue in this case as the trial court made specific reference to his demeanor in denying his motion for a new trial. The trial transcripts indicate that Itzen was quite recalcitrant during his cross examination and his statements had to be rebutted several times with prior inconsistent deposition testimony. Itzen's credibility also suffered from a notation in one of his doctor's reports. The doctor was perplexed by the cause of Itzen's pain and noted that Itzen might have a motive of secondary gain. Considering these factors, the jury could have disbelieved and rejected some of Itzen's claims and particularly those relying on his subjective testimony of pain and suffering. *See Stoltz, supra.*

A final factor bearing on this verdict is Itzen's earnings history. A low award of damages where one of the claims is for lost wages may be explained by the plaintiff's actual earnings history. *Stoltz, supra.* Here, Itzen was a manual laborer who worked only intermittently at various odd jobs and who never filed an income tax return. In 1983, the last year Itzen worked, he made only $800. Clearly this evidence damaged Itzen's claim for lost wages.

In summary, we find the jury's verdict in this case supportable by the evidentiary record. The jury could have concluded that

Itzen's 1983 accident was not the proximate cause of the medical expenses incident to his back injury. Although Itzen may have total medical expenses exceeding $19,000, the jury could have excluded the medical expenses related to his back. Additionally, the record would support a minimal award for pain and suffering and lost wages. In short, the verdict is supported by the evidence and there is no need to resort to juror passion, prejudice or mistake of law to explain it. Accordingly, we find no abuse of discretion by the trial court in denying Itzen's motion for a new trial.

## ISSUE TWO

Did the trial court err in denying Itzen's motion for judgment notwithstanding the verdict?

In conjunction with his motion for a new trial Itzen made an alternative motion for a judgment notwithstanding the verdict. This motion was also denied and Itzen asserts error in denial of the motion.

In *Associated Press v. Heart of Black Hills*, 325 N.W.2d 49 (S.D.1982) a plaintiff brought a breach of contract action against a defendant for default in making certain contract payments. The jury returned a verdict in favor of the defendant. The plaintiff moved for and was granted a judgment notwithstanding the verdict in the amount of the delinquent payments. We affirmed the judgment notwithstanding the verdict relying on the rule that a "trial court is required to base its judgment on the verdict of the jury, *unless it finds that such verdict is inherently erroneous.*" *Id.* at 53 (emphasis added). We found the jury's verdict in *Associated Press* "inherently erroneous" because it clearly contravened the evidence adduced at trial concerning the amount of money owed by the defendant to the plaintiff. In this instance, however, we have already determined that the jury's verdict is supported by the evidence. It follows that the verdict is not "inherently erroneous" and that the trial court was required to base its judgment on the jury's verdict. Accordingly, we find no error in the trial court's denial of Itzen's motion for judgment notwithstanding the verdict.

Affirmed.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

Liability was absolute, only damages are to be reviewed. Plaintiff sued for $4,152.04 for hospital and doctor bills incurred. He sued, totally, for $19,000 in out-of-pocket expenses for purposes of receiving medical treatment *and* lost wages. *Additionally*, he sued for damages for pain and suffering *plus* permanent physical impairment. Concerning the latter, his pleading expressed "plaintiff reserves the right to specify his damages in this regard" because "at this time the level of impairment by plaintiff is unknown."

Plaintiff bears the burden of proof. A party cannot claim a version of the facts more favorable to his position than he gave in his own testimony. *Lalley v. Safway Steel Scaffolds, Inc.*, 364 N.W.2d 139, 141 (S.D.1985); *Miller v. Stevens*, 63 S.D. 10, 16, 256 N.W. 152, 155 (1934). By his own testimony, Plaintiff was unemployed at the time of the accident, never earned enough money to file a tax return, and made no attempts to obtain employment after the accident. Over and above the $4,152.04 encompassed within his $15,000 demand was payment for lost wages, as mentioned above. Obviously, the jury believed Plaintiff had not met his burden of proof. Nor did the trial judge, for he so expressed in a memorandum opinion dated December 10, 1987, which was incorporated in an order filed December 16, 1987.

Medical testimony, submitted by the Plaintiff, was essentially uncorroborated by several physicians. These physicians opined that Plaintiff's complaints were unsubstantiated by objective findings. Dr. Watson, by deposition, testified that he could find nothing wrong with him. These were his own witnesses. Dr. Benson's testimony singularly backed Plaintiff's com-

plaints with objective findings, but he, also, testified by videotape deposition that he could not delineate specifically when the disc was torn and could not form an opinion as to the cause of the problem which created a subluxing patella in the knee. Medical records and reports submitted by the Plaintiff were also unfavorable: (1) Dr. Billion found no evidence of any major abnormality; (2) Dr. Freeman, a neurologist, reflected that nerve conduction studies were completely normal; and (3) Dr. VanDemark could not provide any disability rating. Therefore, proximate cause was highly suspect, by Plaintiff's own witnesses and evidence. It was for the jury to decide which evidence is to be believed. *State v. Shank*, 88 S.D. 645, 650, 226 N.W.2d 384, 387 (1975).

There is no clear abuse of discretion by the trial court in determining that the jury verdict was not the product of passion and prejudice. We should not disturb the decision of this jury. *Stene v. Hillgren*, 77 S.D. 165, 88 N.W.2d 109 (1958). No injustice has been done here by the jury's verdict, or the trial court's decision. *Mueller v. Mueller*, 88 S.D. 446, 221 N.W.2d 39 (1974). There is simply no proof of special damages establishing $19,000 under the state of this record.