Todd E. STERLING, Appellee,

v.

Glen A. FORNEY, W.R. Marsh, M.D.,
C.N. Sorensen, M.D. & Associates,
P.C., Appellants.

Todd E. STERLING, Appellant,

v.

Glen A. FORNEY, W.R. Marsh, M.D.,
C.N. Sorensen, M.D. & Associates,
P.C., Appellees.

Nos. 85–2443, 86–1093.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1986.

Decided March 10, 1987.

Rehearing Denied April 3, 1987.

Joni R. Kerr, Omaha, Neb., for appellants.

James E. Schneider, North Platte, Neb., for appellees.

Before HEANEY and WOLLMAN, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Plaintiff Todd E. Sterling filed this diversity action seeking damages against defendant physicians for negligent medical treatment which he received following an automobile accident. Prior to the commencement of the action, plaintiff entered into a settlement with the driver of the other vehicle involved in the accident and signed a release drafted by the driver's insurer. Defendants did not participate in any way in the settlement. Defendants nonetheless claim this release bars plaintiff's present action against them.

The district court bifurcated trial of the issues of liability and the effect of the release and settlement. After trial, the jury returned a verdict of $25,000 against the defendants, and the district court held as a matter of law that plaintiff's release and settlement with the other driver did not preclude his action against the defendant physicians. Both parties have appealed. Defendants urge that the district court misapplied Nebraska law in interpreting the release as a matter of law and in holding that defendants had presented insuffi-

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

cient proof that the earlier settlement provided full satisfaction for all of plaintiff's injuries. Plaintiff argues that the $25,000 jury verdict is inadequate as a matter of law, and requests a new trial on the issue of damages. We affirm.

In *Scheideler v. Elias*, 209 Neb. 601, 309 N.W.2d 67, 72 (1981), the Nebraska Supreme Court adopted the "modern rule" that an injured party's release of the original tortfeasor does not per se preclude a second action by the injured party against a physician if there has been less than full compensation recovered for the injured party's total injuries. In *Scheideler*, the plaintiff had signed a release which discharged the original tortfeasors and "all other persons ... who are or might be liable" and which acknowledged "full settlement and satisfaction of all claims of whatever kind or character" which he had against them. 309 N.W.2d at 70. The court nonetheless determined that plaintiff could maintain his action for medical malpractice against his treating physician, holding that whether the plaintiff had intended to release subsequent tortfeasors and whether he had received full payment and satisfaction for all his damages were questions of fact precluding a summary judgment against him. *Id.* 309 N.W.2d at 75.

■ Defendants' appeal in this case primarily raises questions about the proper application of Nebraska law in light of the *Scheideler* decision. The interpretation of state law by a district judge sitting in that forum is entitled to great deference unless it is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." *Firemen's Insurance Co. v. Bauer Dental Studio, Inc.*, 805 F.2d 324, 325 (8th Cir. 1986); *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494, 499 (8th Cir.), *cert. denied*, ── U.S. ──, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985); *Kansas City Power & Light Co. v. Burlington Northern R.R.*, 707 F.2d 1002, 1003 (8th Cir.1983).

■ The release executed by the plaintiff in this case names only the original tortfeasor and states that it operates as a satisfaction against other parties only "for damages as a result of the accident." De-

fendant physicians have presented no persuasive reason for overturning the district court's judgment that this release could not apply to them, since they allegedly caused damages as a result of their medical treatment of plaintiff, not "as a result of the accident." Nor have defendants established that the district court's ruling concerning the lack of evidence of full satisfaction is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." Accordingly, we affirm the district court's judgment concerning the effect of the prior release and settlement on the basis of the district court's opinion. *See* 8th Cir. R. 14.

■ Plaintiff has also appealed from the district court's judgment, alleging that the $25,000 jury award is inadequate and that a new trial on the issue of damages should have been granted. Inadequacy or excessiveness of a verdict is basically an issue for the trial court, which is in the best position to evaluate such a claim. We consider review only in those rare situations in which there is a plain injustice or a monstrous or shocking result. *Hollins v. Powell*, 773 F.2d 191, 197 (8th Cir.1985), *cert. denied*, ── U.S. ──, 106 S.Ct. 1635, 90 L.Ed.2d 181 (1986); *Taken Alive v. Litzau*, 551 F.2d 196, 198 (8th Cir.1977); *Solomon Dehydrating Co. v. Guyton*, 294 F.2d 439, 447–48 (8th Cir.), *cert. denied*, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961). We do not believe that this is such a case, and accordingly, we affirm the district court's denial of plaintiff's motion for a new trial on this ground.

For all of the foregoing reasons, the judgment of the district court awarding plaintiff $25,000 in damages is affirmed.