**Arthur FORD, Appellant,**

v.

**EL DORADO & WESSON R.R., Appellee.**

No. 87–1560.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1988.

Decided June 8, 1988.

Rehearing Denied July 27, 1988.

---

Phillip McMath, Little Rock, Ark., for appellant.

Robert Compton, El Dorado, Ark., for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

MAGILL, Circuit Judge.

In this case Arthur Ford (Ford) appeals from an order of the district court[1] denying him a new trial. We affirm the order of the district court.

## I. BACKGROUND.

Ford, an employee of the El Dorado & Wesson Railroad (Railroad), was fifty-three years old at the time of this suit and had been with the Railroad for ten years. In December of 1984 he picked up a keg of railroad spikes and injured his back. He kept working despite the injury, then reinjured his back in February of 1985 while loading rails onto a pushcart. Despite feeling increased pain, he continued to work and on July 19, 1985, reinjured his back while crawling under a railroad car to do maintenance work.

Ford's back injuries eventually required surgery. He has not been able to return to his former work because of his inability to satisfy lifting requirements.

Ford sued the Railroad on December 4, 1985, based on the Federal Employers' Liability Act, 45 U.S.C. § 51–60 (FELA).[2] He alleged that his injuries were permanent and totally disabling and were caused by the Railroad's negligence. Ford sought $500,000. After a two-day trial, a jury returned a verdict for Ford for $12,068.60. Ford then moved for a new trial on the issue of damages, or alternatively, a new trial on all issues. The motion was denied, and Ford appealed to this court.

---

1. The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas.

2. Section 1 of the FELA, 45 U.S.C. § 51, provides in pertinent part:

    Every common carrier by railroad while engaging in commerce * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its * * * equipment.

## II. DISCUSSION.

On appeal, Ford asserts that the trial court erred by instructing the jury that:

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required, in the use of ordinary care, will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. To put it another way, as the danger that should be reasonably foreseen increases, so the amount of care required by law also increases.

Jury Instruction No. 16. Ford argues that the instruction misled the jury as to comparative fault for the following reasons. First, the instruction presupposes an appreciation of danger which is tantamount to a jury charge of assumption of risk. Second, the instruction speaks in terms of a varying standard of care where the correct standard is simply ordinary care under the circumstances.

Ford asserts that by providing a standard of care that changes in proportion to a foreseeable danger, the jury is being told that it may charge the plaintiff with fault for failing to foresee the danger, or for foreseeing the danger and nonetheless proceeding in the face of that danger.

■ As Ford correctly asserts, assumption of risk is not a defense under the FELA. 45 U.S.C. § 54; *see Tiller v. Atlantic Coast Line Railroad Co.,* 318 U.S. 54, 58, 63 S.Ct. 444, 446, 87 L.Ed. 610 (1943). Ford argues that the jury, having been given this erroneous instruction, could have drawn the inference, as to each of his back injuries, that he appreciated or foresaw the risk inherent in each situation, and assumed that risk.

Ford also asserts that even though the jury was instructed as to contributory negligence, they must have proceeded under the assumption of risk doctrine, in view of the fact that Ford's contributory negligence was "paltry" and the amount of damages awarded was insufficient.

■ The Railroad, however, argues that Jury Instruction No. 10 clearly stated that the doctrine of assumption of risk is inapplicable in FELA cases.[3] More importantly, the Railroad correctly points out that the complained-of instruction, Jury Instruction No. 16, read in conjunction with the one immediately before it, addresses the Railroad's duty to provide a safe workplace, and not the employee's duty to exercise care.[4]

In arguing that the instructions correctly stated applicable law, the Railroad notes that *Tiller,* 318 U.S. at 67, 63 S.Ct. at 451, a FELA case cited by Ford, states that "in any case the standard of care must be commensurate to the dangers of the business." The Railroad also draws our attention to *Bailey v. Central Vermont Railway,* 319 U.S. 350, 353, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444 (1943), in which the Court stated that in FELA cases, when determining an employer's duty to use reasonable care in providing a safe workplace, the reasonableness of the care depends upon the danger attending the place or the machinery.

---

**3.** Jury Instruction No. 10 states:

Also, at the time of the occurrence there was in force a Federal Statute which provided that in any action brought against a railroad to recover damages for injury to an employee, the employee *shall not be held to have assumed the risks of the employment in any case where the injury resulted in whole or in part from the negligence of any of the officers, agents, or employees of the railroad.* (Emphasis supplied.)

**4.** Jury Instruction No. 15 states:

It was the continuing duty of the defendant, as an employer, at the time and place in question, to use ordinary care under the circumstances, in furnishing the plaintiff with reasonably safe places in which to work, and to use ordinary care under the circumstances to maintain and keep such places in reasonably safe condition. This does not mean, ladies and gentlemen, of course, that the employer is a guarantor or insurer of the safety of the workplace. The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the places in which to (sic) work is to be performed in (sic) reasonably safe, under the circumstances shown by the evidence proved in the case.

914

We are persuaded by the Railroad's argument. As the Railroad asserts, Ford's dissatisfaction is with the amount of the judgment. Inadequacy of a verdict is a matter for the trial court, and we will not reverse a verdict on these grounds unless there has been plain injustice or a monstrous or shocking result. *Sterling v. Forney*, 813 F.2d 191, 192 (8th Cir.1987). Such is not the case here, and we affirm.