876 F.2d 61
 Ronald MARQUARDT and Yvonne Marquardt, individually and as
parents and natural guardians of Brent J.
Marquardt, Appellants,
v.
STARCRAFT MARINE, A DIVISION OF STARCRAFT CORP., an Indiana
corporation, Appellee.
 No. 88-5348.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 8, 1989.
Decided May 31, 1989.
 
 Larry M. Schmidthuber, Minneapolis, Minn., for appellants.
 James F. Dunn, St. Paul, Minn., for appellee.
 Before JOHN R. GIBSON, WOLLMAN and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald and Yvonne Marquardt, individually and on behalf of their minor son Brent, appeal from the district court's[1] order denying their motion for a new trial, based upon the inadequacy of a $7500 jury verdict in the Marquardts' diversity action to recover damages in connection with injuries Brent suffered when he knelt on an unseen screw in the seat cushion of a boat manufactured by Starcraft. We affirm.
 
 
 2
 In their amended complaint, the Marquardts sought damages in excess of $50,000 for Brent's pain and suffering, disfigurement, permanent injuries, and future medical care, as well as the parents' other expenditures in an undetermined amount related to Brent's injuries. Starcraft had admitted responsibility for the accident and had paid over $14,000 in medical bills to the date of trial.
 
 
 3
 Using a special verdict form, the jury returned a verdict of $7500 in Brent's favor for general damages to the date of trial. No award was made for Brent's future damages or his parents' special damages. After a hearing, the Marquardts' motion for a new trial or additur on the basis of inadequacy of damages was denied. The district court found that although Brent ran some uncertain risk that infection would recur in the knee tissue, based upon all the evidence at trial, the award was neither "monstrous" nor "shocking." This appeal followed.
 
 
 4
 This court's review of a district court's denial of a motion for a new trial based on inadequacy of the verdict is limited; the district court will be reversed only in those rare cases where this court is pressed to conclude that there is "plain injustice or a monstrous or shocking result." Ford v. El Dorado & Wesson R.R., 848 F.2d 911, 914 (8th Cir.1988). The determination of whether the verdict was inadequate is a matter for the trial judge who had the opportunity to hear the evidence at trial, Sterling v. Forney, 813 F.2d 191, 192 (8th Cir.1987).[2]
 
 
 5
 First, the Marquardts challenge the $7500 verdict as inadequate to cover Brent's pain and suffering to the date of trial including a thirty-day hospital stay. While we may agree that the verdict was low in light of Brent's ordeal, upon careful review of the record we conclude the district court did not abuse its discretion in leaving the verdict undisturbed. See Pitts v. Electro-Static Finishing, Inc., 607 F.2d 799, 802 (8th Cir.1979) (abuse of discretion standard).
 
 
 6
 The Marquardts also argue that because bacteria are still embedded in Brent's knee, it was unconscionable for the jury not to give an award for permanent disability. The orthopedic surgeon opined that it was "possible or reasonable to suspect" that Brent may have future medical problems as a result of osteomyelitis. While we may foresee possible future consequences of Brent's injury, in light of the surgeon's inability to testify with any reasonable medical certainty that the infection would reoccur, we agree that the jury's failure to award damages for future medical care and pain, and permanent disability was not "shocking" or against the weight of the evidence.
 
 
 7
 The Marquardt parents challenge the jury's failure to award their special damages of travel expenses and babysitting charges, arguing that their evidence in regard thereto was uncontroverted. Starcraft notes that with the exception of Mr. Marquardt's airfare, no direct evidence was presented as to out-of-pocket expenses incurred. We believe that the jury's failure to award special damages does not warrant a new trial.[3] See LeSueur Creamery, Inc. v. Haskon, Inc., 660 F.2d 342, 349-50 (8th Cir.1981) (damages must not be speculative or conjectural but must be proven to a reasonable certainty), cert. denied, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982).
 
 
 8
 Accordingly, the order of the district court is affirmed.
 
 
 
 [1]
 The Honorable Edward J. Devitt, Senior Judge, United States District Court for the District of Minnesota
 
 
 [2]
 This court has questioned whether it has authority to overturn as an abuse of discretion, a district court's denial of a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence. See Jones v. Board of Police Comm'rs, 844 F.2d 500, 503 n. 3 (8th Cir.1988)
 
 
 [3]
 From the evidence adduced, the jury could have determined that the weekend trips home from Dallas, Texas, would have been made whether or not the injury was sustained