1998 SD 33

**Maggie MORRISON, Plaintiff
and Appellee,**

v.

**MINERAL PALACE LIMITED PART-
NERSHIP and Thomas R. Nelson and
Melodee Nelson, general partners, De-
fendants and Appellants.**

No. 20080.

Supreme Court of South Dakota.

Argued Jan. 14, 1998.

Decided April 1, 1998.

John J. Delaney of Estes, Porter & Dela-
ney, Rapid City, for plaintiff and appellee.

Paul S. Swedlund and J. Crisman Palmer
of Gunderson, Palmer, Goodsell & Nelson,
Rapid City, for defendants and appellants.

AMUNDSON, Justice.

[¶ 1.] Maggi Morrison (Morrison) brought
a claim for negligence against Mineral Palace
Limited Partnership and its general part-
ners, Thomas R. Nelson and Melodee Nelson
(collectively referred to as Mineral Palace).
After the jury returned a verdict awarding
Morrison her economic losses, but awarding

no compensation for noneconomic damages, the trial court granted Morrison's motion for a new trial limited to the question of the extent of Morrison's contributory negligence and damages. Mineral Palace appeals the order granting a new trial and the trial court's order limiting the scope of the new trial. We affirm in part, reverse in part, and remand.

## FACTS

[¶ 2.] On the evening of February 26, 1994, Morrison walked across a driveway area in front of the Mineral Palace in Deadwood, South Dakota. She slipped and fell on some ice that had formed on the driveway, breaking her ankle.

[¶ 3.] The fracture required surgery to place metal screws within the ankle and then a second surgery to remove them. As a result of the fracture, Morrison was unable to walk or work for an extended period of time and endured substantial pain. In addition, her surgeon testified that she has reached maximum medical improvement, but her ankle is permanently impaired.

[¶ 4.] Morrison sued Mineral Palace for her injuries and the case was tried before a jury. The jury returned a verdict for Morrison. By way of special interrogatories, Mineral Palace was found negligent and Morrison was found contributorily negligent, less than slight. In assessing damages, the jury awarded $15,620 in medical expenses and $10,530 in lost wages, for a total of $26,151. These were the exact amounts that Morrison had claimed for medical expenses and lost wages. Though the interrogatory form provided spaces for the jury to fill in amounts to compensate Morrison for her noneconomic damages (such as pain and suffering and permanent impairment), the jury awarded nothing to compensate Morrison for these claims.

[¶ 5.] Based upon the jury's decision not to award her compensation for noneconomic damages, Morrison filed a motion for new trial on the grounds of inadequacy of dam-

ages and insufficiency of the evidence. Mineral Palace opposed the motion, contending the jury's finding of contributory negligence properly accounted for the result on the issue of damages. The trial court denied the motion for new trial on the grounds of inadequacy of damages, but granted the motion for new trial on the basis of insufficiency of the evidence. The trial court also limited the scope of the new trial to the issue of damages and contributory negligence.

[¶ 6.] Mineral Palace appeals, advancing the following issues:

1 Whether the trial court erred in granting Morrison's motion for retrial.

2 Whether it was error for the trial court to limit the scope of the new trial only to the questions of the extent of plaintiff's contributory negligence and damages.

## STANDARD OF REVIEW

[¶ 7.] "[A] motion for a new trial is addressed to the sound discretion of the trial court; we will not overturn the court's ruling unless it appears affirmatively from the record there has been an abuse of discretion." *Robbins v. Buntrock,* 1996 SD 84, ¶ 16, 550 N.W.2d 422, 427 (citing *Fullmer v. State Farm Ins. Co.,* 498 N.W.2d 357, 361 (S.D. 1993); *Enchanted World Doll Museum v. Buskohl,* 398 N.W.2d 149, 153 (S.D.1986); *Simmons v. City of Sioux Falls,* 374 N.W.2d 631, 632 (S.D.1985)). "Additionally, this court has consistently stated that more deference is given to the trial court's grant of a new trial than to its denial of one[.]" *Tunender v. Minnaert,* 1997 SD 62, ¶ 9, 563 N.W.2d 849, 851 (citations omitted). This is because orders allowing new trials "are not conclusive or decisive of any rights or issues.... [T]hey merely 'open the way for a reinvestigation of the entire case upon its facts and merits.'" *Jensen v. Miller,* 80 S.D. 384, 389, 124 N.W.2d 394, 396 (1963) (citation omitted).

## DECISION

[¶ 8.] **1. Whether the trial court erred in granting Morrison's motion for retrial.**

[¶ 9.] In reviewing the grant of the new trial, it becomes readily apparent that

the trial court was entirely within its discretion to do so. Almost indistinguishable facts were presented in *Gould v. Mans*, 82 S.D. 574, 152 N.W.2d 92, (1967), where this Court affirmed the trial court's grant of a new trial. In *Gould*, the jury awarded plaintiff the exact amount of medical, hospital, physical therapy, and transportation expenses of $3,028.92 without awarding anything for pain and suffering and disability. *Id.* at 576, 152 N.W.2d at 93. The trial judge granted plaintiff's motion for a new trial on the grounds that the verdict was inadequate, among other things.[1] *Id.* The trial court's decision was explained by this Court as follows:

> [T]he trial court was following the apparent weight of authority which regards a verdict in a personal injury action for the amount of medical expenses to be inadequate and invalid without an additional award for pain and suffering.... The reasoning behind this rule is explained ... as follows: a jury cannot award recovery for medical expenses and without reason deny recovery for the very injuries necessitating the medical expenses. The grounds upon which the courts hold such a verdict inadequate and invalid vary. In some cases it is said to be inconsistent.... In others the great weight of evidence compels an award for pain and suffering and failure to include such an award in the verdict reflects a disregard by the jury of proper instructions given by the court.... A verdict of this nature is also said to be a compromise, ... the result of mistake, passion, prejudice, or partiality, ... or the evidence is insufficient to sustain the same[.]

*Id.* at 576–77, 152 N.W.2d at 93 (citations omitted); *see also* Todd R. Smyth, Annotation, *Validity of Verdict Awarding Medical Expenses to Personal Injury Plaintiff, but Failing to Award Damages for Pain and Suffering*, 55 A.L.R.4th 186 (1987) (noting that "[m]ost jurisdictions have taken the position that such a verdict cannot stand where the plaintiff's pain and suffering was proved, undisputed, or could be assumed to have resulted from the nature of the injuries involved"). We find nothing in the record that would distinguish the facts of this case from *Gould*. Therefore, we hold the trial court did not abuse its discretion in granting a new trial in this case.

■ [¶ 10.] Mineral Palace attempts to get past the fatal flaw in the jury verdict in this case through the contention that the jury's finding of contributory negligence, less than slight, explains the jury's award of only economic damages. Mineral Palace looks to *Freeman v. Berg*, 482 N.W.2d 32 (S.D.1992), for support for its position. In *Freeman*, the plaintiff had at least $129,000 in medical bills, but the jury only awarded a total of $100,000 for all damages. *Id.* at 33. This Court affirmed the trial court's decision to deny a new trial based upon inadequate damages "[b]ecause the jury may have reduced the damages to account for contributory negligence by Freeman, or may have concluded that the stipulated medical bills were not reasonable." *Id.* at 35. This Court noted that "[f]rom reviewing the verdict form, there is no way for this court to know how the jury arrived at the $100,000 figure. 'Mere assertions of what the jury may have concluded are insufficient' to show prejudice." *Id.* (citations omitted).

■ [¶ 11.] However, *Freeman* is distinguishable from this case because there were special interrogatories in this case that show how the jury came up with its award of damages. There is no need and no basis for speculation as to what the jury did. They failed to award anything for absolutely clear and inescapable damages for pain and suffer-

---

1. Plaintiff had alleged as a basis for the motion for new trial that there was inadequate damages resulting from the influence of passion and prejudice, and insufficiency of the evidence to justify the verdict. *Gould*, 82 S.D. at 576, 152 N.W.2d at 93. In granting the motion, the trial judge stated that he could not "envision how the jury could legally find the defendant responsible for all of the medical, hospital, physical therapy, and transportation expense; and not responsible for the unquestioned pain and suffering and at least temporary disability during the hospitalization and treatment." *Id.*

ing and disability after already deciding that Mineral Palace was liable for the medical bills and lost wages to the penny of what the plaintiff claimed. In contrast, in *Freeman*, the Court did not have the benefit of interrogatories to examine the jury's decision. The verdict for $100,000 could have contained all the different claims for damages, reduced by contributory negligence and unreasonable medical bills. Thus, *Freeman* was consistent with the notion that "if a verdict is susceptible to more than one construction, the construction which sustains the verdict must be applied." *Id.* (citing *Bankwest, Inc. v. Valentine*, 451 N.W.2d 732, 736 (S.D.1990); *Fjerstad v. Sioux Valley Hospital*, 291 N.W.2d 786, 788 (S.D.1980); *Baker v. Jewell*, 77 S.D. 573, 580, 96 N.W.2d 299, 304 (1959)).

[¶ 12.] In Morrison's case, there is no construction that can properly sustain the verdict. Evidence of uncontested damages was ignored by the jury. There was no evidence to contradict the fact that the injury and the surgeries inserting and removing the metal screws were painful. Nor was there any evidence to conclude that Morrison did not suffer some level of disability as a result of the accident. Furthermore, Morrison received 100% of her claims for medical expenses and lost earnings, so it is not possible to presume that the jury reduced its award because of contributory negligence. Even had they done so, the result would have been reduced awards for pain and suffering and disability, not complete elimination of such awards.

[¶ 13.] Mineral Palace also relies on *Bakker v. Irvine*, 519 N.W.2d 41, (S.D.1994), for support for its position that a new trial should not have been granted. *Bakker* concerned a claim for negligence arising out of a car accident. *Id.* at 42–43. After the jury returned a verdict for the plaintiff, the trial judge granted the plaintiff's motion for a new trial based upon the small award for

damages which she felt was awarded "while under the influence of passion, prejudice, or gross mistake, or, that it was the result of accident or perverted judgment, and not of cool and impartial deliberation." *Id.* at 45. This Court reversed, finding the trial judge had abused her discretion. *Id.* at 50. However, *Bakker* is entirely distinguishable from the facts of the current case because the jury in *Bakker* clearly acknowledged the special damages and determined the noneconomic damages for the obvious and undisputed injuries. *Id.* at 44, 49–50. In *Bakker*, the dispute arose over the amount of certain damages awarded by the jury,[2] whereas in Morrison's case, the dispute concerns the jury's decision not to award certain damages at all. If the jury in Morrison's case had decided to award a small amount for pain and suffering and disability, *Bakker* may have had some bearing on our decision. As it is, *Bakker* is entirely distinguishable.

[¶ 14.] Mineral Palace also points to *Penney v. Praxair*, 116 F.3d 330 (8th Cir.1997), for guidance on the issues in this case. *Penney* is similar to the case at hand in that awards were made for medical expenses, but not for disability or pain and suffering. *Id.* at 332. However, *Penney* is distinguishable because the plaintiff in that case had pre- and post-accident health problems that could have explained the lack of compensation for disability and pain and suffering. *Id.* at 333. These other health problems created an issue as to "whether the collision proximately caused any pain and suffering." *Id.*

[¶ 15.] *Penney* involved issues of causation. However, there is no dispute about causation in Morrison's case. There is no credible argument that the accident was not a proximate cause of pain to Morrison. Nor is there a dispute as to whether Morrison suffered some level of disability, however slight, as a result of the accident. Unlike *Penney*, there is no construction which could properly

---

2. The Court noted that "Ronald Bakker received $1,000.00 or one-tenth of what he claimed for his permanent disability and Marlys Bakker received $6,000.00 or one-fifth of what she claimed. As to past and future pain and suffering/loss of enjoyment of life, Ronald received $1,250.00 of the $28,500.00 claimed and Marlys received $6,500.00 of the $90,000.00 claimed." *Bakker*, 519 N.W.2d at 49.

sustain the verdict of the jury in this case. *Cf. Freeman,* 482 N.W.2d at 35 (holding that a construction which sustains the verdict must be applied, if there are more than one susceptible constructions).

**[¶ 16.] 2. Limiting the Scope of the New Trial**

[¶ 17.] The trial court ordered a new trial only as to damages and as to the extent of Morrison's negligence. At the outset, we note that "[a] new trial on the issue of damages only cannot be granted in personal injury actions where the jury may mitigate damages under our comparative negligence law." *Hanisch v. Body,* 77 S.D. 265, 272, 90 N.W.2d 924, 928 (1958); *Pexa v. Clark,* 85 S.D. 37, 176 N.W.2d 497, 500–01 (1970) (declining the invitation to overrule *Hanisch* and remanding for trial on all issues). A more recent opinion addressing the feasibility of a limited trial in the context of a punitive damages claim is also informative. *See Maybee v. Jacobs Motor Co., Inc.,* 519 N.W.2d 341 (S.D.1994). In *Maybee,* this Court held as follows:

> [A] new trial on damages alone is not feasible "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.... Here the question of damages on the construction is so interwoven with that of the liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial."

*Id.* at 345 (citing *Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931)).

[¶ 18.] The trial court's modified order for new trial allowing damages and the extent of plaintiff's contributory negligence to be litigated goes further than the issue of damages alone, but still does not fully address the concerns of the cases requiring a retrial on all the issues. When determining the percentage of Morrison's contributory negligence, a new jury will be required to compare the percentage of her negligence with that of Mineral Palace's. The only manner for a jury to make that comparison will be for the jury to hear all of the evidence regarding Mineral Palace's acts or omissions, as well as all of the evidence regarding Morrison's acts or omissions. In this case, the issues of damages and contributory negligence are not "so distinct and separable from the others that a trial of [them] alone may be had without injustice." *Maybee,* 519 N.W.2d at 345 (citation omitted). The issues in this case are so intertwined that a fair, new trial is not possible without a trial on all the issues. Thus, the trial court abused its discretion in limiting the grant of a new trial under the circumstances of this case.

[¶ 19.] We have considered the remaining issues raised by Mineral Palace and find them to be without merit

[¶ 20.] Affirmed in part, reversed in part, and remanded.

[¶ 21.] MILLER, C.J., and SABERS, KONENKAMP, and GILBERTSON, JJ., concur.

