#25272-a-JKM

**2010 SD 65**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

THOMAS and JENNIFER ORTMAN,          Plaintiffs and Appellants,

v.

RICK DEJAGER, CAROLYN DEJAGER
and DEJAGER CONSTRUCTION & LOG
HOMES, INC.,          Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE ARTHUR L. RUSCH
Judge

* * * *

MICHAEL D. BORNITZ of
Cutler & Donahoe, LLP          Attorneys for plaintiffs
Sioux Falls, South Dakota          and appellants.

SHAWN M. NICHOLS of
Cadwell, Sanford, Deibert & Garry, LLP          Attorneys for defendants
Sioux Falls, South Dakota          and appellees.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 22, 2010

OPINION FILED **08/04/10**

MEIERHENRY, Justice

[¶1.]		Thomas and Jennifer Ortman hired Rick DeJager, Carolyn DeJager, and DeJager Construction & Log Homes, Inc. (collectively DeJager) to build a house.  Disputes arose between the parties during construction.  Ortmans eventually sued DeJager claiming damages for breach of contract, conversion, and fraud.  Ortmans specifically sought $116,837 in damages for their conversion claim.  A jury found against Ortmans on the conversion and fraud claims but awarded Ortmans $234,632.53 in damages for breach of contract.  DeJager asked the trial court for judgment notwithstanding the verdict, remittitur, or a new trial on grounds that the jury miscalculated the damages.  DeJager argued that the jury erroneously included $116,837 for conversion damages in the breach of contract award.  The trial court agreed, granted remittitur, and entered an order reducing the jury's award.  The order also provided for a new trial on breach of contract damages if Ortmans declined the remittitur, which they eventually did.  Ortmans ask us to reverse the trial court and allow the verdict to stand.  The question is whether the trial court abused its discretion by granting a new trial based on its perception that the jury incorrectly included conversion damages in the breach of contract award.  We affirm the trial court.

[¶2.]		Ortmans hired DeJager to build a luxury log house near Lewis & Clark Lake outside Yankton, South Dakota.  The agreed contract price for the 9,400 square-foot house was $667,280.  During construction, conflicts arose concerning allegations that Ortmans were "dealing directly with subcontractors and suppliers" and were making "substantial changes to the plans and specifications."  Other

allegations included that DeJager "demanded more money for the project because of cost overruns he purposely caused and because of his financial difficulties." Deteriorated communication between the parties eventually necessitated the use of third parties to exchange the details for completing the project. Although the house's scheduled completion date was May 1, 2007, it remained unfinished when a fire destroyed it in December 2007.

[¶3.] At the time of the fire, Ortmans had paid DeJager $736,644. Because DeJager had failed to pay some of the subcontractors, the subcontractors filed mechanic's liens against the house for $116,837. Before trial, the parties disagreed on how to present the mechanic's liens to the jury since DeJager's insurance had paid the subcontractors and satisfied the liens. The trial court's pre-trial order allowed Ortmans to introduce evidence of the mechanic's liens, but disallowed evidence of insurance satisfying the liens. The issue resurfaced during trial when DeJager renewed his objection. The trial court again prohibited any reference to insurance paying the liens but reserved the right to offset a verdict on the conversion claim by the amount paid by insurance. As a result of the trial court's ruling, Mr. Ortman was allowed to tell the jury that he sustained damages of $116,837 as a result of the mechanic's liens.

[¶4.] At trial, Ortmans combined their breach of contract and conversion damages in Exhibit 18. The damages were presented in Exhibit 18 as follows:

### Damages

| | | |
|---|---|---|
| Contract Price | $667,281 | Base cost for a completed house |
| Change Orders | $18,765 | |
| Invoices | $1,694 | |
| Total Due DeJager | $687,740 | Final cost for a completed house |

| | | |
|---|---|---|
| Total Payments | $736,644 | |
| Overpayment | $48,904 | Total Payments minus Total Due DeJager |
| Mechanic's Liens | $116,837 | Amounts owed to subs/suppliers |
| Work Not Done | <u>$94,743</u> | Credit for completed house but not done |
| TOTAL Damages | $260,484 | |

After the jury returned a verdict of $234,632.53 on the breach of contract claim, DeJager filed a motion for judgment notwithstanding the verdict. Alternatively, DeJager sought remittitur or a new trial on damages. DeJager claimed that the jury's verdict mistakenly included the mechanic's liens in the breach of contract award. The trial court agreed with DeJager and granted the remittitur based on (1) Ortmans' general statement of damages in Exhibit 18, (2) a question from the jury during deliberations regarding the mechanic's liens, and (3) the way Ortmans argued their case.[1] The trial court reduced the damages by $116,837. Ortmans declined the remittitur, and the trial court granted DeJager's motion for a new trial.

---

1.    The trial court made the following comments on the record at the motion hearing:

> You know, it appears to the court, from the jury – or that – from Exhibit Number [18], that [ ] requested mechanic's lien – as well as the question sent out by the jury – that those requested mechanic's liens were fully encompassed in the damages, in the general statement of the damages, that were argued by Ortmans in this case. And, you know, that was done at the request of the [Ortmans], to argue those mechanic's liens, even though they knew they had been fully paid at that time.
>
> The question and the answer that was – that was sent out like five to ten minutes before the jury reached a verdict clearly indicates that the jury was told that the mechanic's liens would be – or the payments that had been made would be taken into

(continued . . .)

[¶5.]      We review the granting of a new trial under an abuse of discretion standard. *Reinfeld v. Hutcheson*, 2010 SD 42, ¶5, 783 NW2d 284, 286-87 (citing *Morrison v. Mineral Palace Ltd. P'ship*, 1998 SD 33, ¶7, 576 NW2d 869, 870 (citations omitted)). We "will not overturn the [trial] court's ruling unless it appears affirmatively from the record [that] there has been an abuse of discretion." *Id.* (quoting *Morrison*, 1998 SD 33, ¶7, 576 NW2d at 870). "If the trial court finds an injustice has been done by the jury's verdict, the remedy lies in granting a new trial." *Id.* (quoting Waldner v. Berglund, 2008 SD 75, ¶11, 754 NW2d 832, 835

---

(. . . continued)

consideration in the mechanic's liens issue. You know, I don't see any indication that the jury was so confused that they didn't know what they were doing in this matter, other than through the fact that [Ortmans] chose to argue a claim that they knew had been paid, and the court – and also argued that the court should not tell the jury that that had been paid and that it had been paid by [DeJager] in this matter.

So, you know, based upon Exhibit [18], it's the court's belief – suspicion, I guess I should say, that the jury included the $116,837 in the verdict in this matter. Do I know that for sure? I don't know that for sure, because of the way that the court allowed counsel to present the case and didn't fully inform the jury of the facts, acting under the assumption that we would be able to straighten that out after the verdict.

The jury clearly resolved the issues of the mechanic's liens. And, you know, it may be that the reason that they resolved the mechanic's liens and the other claims in the way they did is because they didn't want to provide a double recovery. That – You know, if they knew the $116,837 was included in the breach of contract, they certainly didn't want to award another sum, an equal sum, for $116,837 in the mechanic's liens portion.

You know, the court – the only way that it appears to the court that this can be resolved would be granting a new trial subject . . . to [Ortmans] agreeing to a remittitur of the $116,837.

(citations omitted)). Because a new trial was granted, "more deference is given to the trial court[.]" *Id.* (quoting Tunender v. Minnaert, 1997 SD 62, ¶9, 563 NW2d 849, 851). "This is because orders allowing new trials 'are not conclusive or decisive of any rights or issues. They merely open the way for a reinvestigation of the entire case upon its facts and merits.'" *Id.* (quoting Jensen v. Miller, 80 SD 384, 389, 124 NW2d 394, 396 (1963)).

[¶6.]        Based on the record, we find no abuse of discretion in granting a new trial on damages. A trial court can grant a new trial under SDCL 15-6-59(a)(1) when there is an "[i]rregularity in the proceedings . . . by which either party was prevented from having a fair trial." The trial court noted that there was an irregularity in the verdict concerning the mechanic's liens. Ortmans claimed $116,837 in mechanic's liens as conversion damages, not as breach of contract damages. Yet, the jury appeared to have included the mechanic's liens in the amount of damages awarded for breach of contract. The trial court surmised that the jury mistakenly included the mechanic's liens in the general verdict award. This was because Ortmans' Exhibit 18 included the mechanic's liens in the total damage claim. It appeared to the trial court that in order for the jury to arrive at the verdict amount of $234,632.53, the jury must have included the mechanic's liens. The trial court intended to apply an offset if the jury awarded damages for conversion. Instead, the trial court applied the offset against the breach of contract award in the form of remittitur. While the judge acknowledged that he was not absolutely sure what the jury had done, he determined that either remittitur or a new trial on contract damages was justified. On review, we defer to the trial court.

#25272

The record supports the trial court's rationale. Because Ortmans declined the remittitur, the trial court did not abuse its discretion by granting a new trial on damages.

[¶7.]     The order for a new trial on damages is affirmed.

[¶8.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.